**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KURT C. BALLENGER,

        Plaintiff-Appellant,

v.

VIRGINIA BALLARD and JOE
JOHNSON,

        Defendants-Appellees.

No. 05-4315

(D. Utah)

(D.C. No. 2:05-cv-00696-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

---

Kurt C. Ballenger, proceeding pro se, appeals the district court's sua sponte

dismissal of his complaint pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P.

12(b)(6) for failure to state claim upon which relief may be granted. Mr.

Ballenger has moved to proceed in forma pauperis. We grant his motion to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

proceed in forma pauperis. However, upon de novo review and construing his allegations liberally, see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), we conclude for substantially the same reasons set forth in the district court's order that Mr. Ballenger has failed to state a claim and that it would be futile to allow him to amend his complaint. See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

In his complaint, Mr. Ballenger alleges that he was unfairly treated and eventually discharged by Little Caesar Enterprises, his former employer. The district court construed his complaint as alleging discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213. However, as the district court noted, the only defendants named in Mr. Ballenger's complaint, Virginia Ballard and Joe Johnson, are two individuals who allegedly worked as his supervisors. "The ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999).

Moreover, Mr. Ballenger "does not allege that the reason for his discharge was the result of anything but the lack of his having a required permit and failing to communicate with his employer while he was off work for not having the permit." Dist. Ct..Order, at 5-6. Thus, even if he had named his former employer as a defendant, these allegations do not raise an inference that he was discharged

or suffered any other adverse personnel action because of a disability covered by the ADA.

Accordingly, we AFFIRM the district court's dismissal of Mr. Ballenger's complaint.

Entered for the Court,


Robert H. Henry
United States Circuit Judge